IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| DONNA M. KREIDLER, DEBTOR | : | BANKRUPTCY NO.: 5-06-bk-50864-JJT |
| DONNA M. KREIDLER, MOVANT | : | {**Nature of Proceeding**: Motion for Determination of Final Cure and Payment of All Post-Petition Payments (Doc. #101)} |
| vs. | : | |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION f/k/a THE BANK OF NEW YORK TRUST COMPANY, N.A., SUCCESSOR TO JPMORGAN CHASE BANK, N.A., RESPONDENT | : | |

********************************************************************************

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| RONALD T. KOZAK and JOAN M. KOZAK, DEBTORS | : | BANKRUPTCY NO.: 5-07-bk-52207-JJT |
| RONALD T. KOZAK and JOAN M. KOZAK, MOVANTS | : | {**Nature of Proceeding**: Motion for Determination of Final Cure and Payment of All Post-Petition Payments (Doc. #71)} |
| vs. | : | |
| HSBC MORTGAGE SERVICES, INC., RESPONDENT | : | |

# OPINION

While unrelated cases, the above-captioned matters deal with virtually identical issues and will be addressed in one Opinion.

In the Kreidler and Kozak matters, pending for my review are Motions for Determination of Final Cure and Payment of All Post-Petition Payments filed by the Debtor(s), under Federal

Rule of Bankruptcy Procedure 3002.1(h). Rule 3002.1 is a recently adopted Rule designed to address the rather significant concern created when a debtor cures a mortgage arrearage under Chapter 13 only to find that postpetition obligations arose during the plan term unbeknownst to the debtor because the secured creditor was concerned that any communication would be considered a violation of the automatic stay. See, generally, Report of the Judicial Conference Committee on Rules of Practice and Procedure to the Chief Justice of the United States and Members of the Judicial Conference of the United States: Federal Rules of Bankruptcy Procedure. http://www.uscourts.gov/RulesAndPolicies/rules/archives/reports-judicial-conference.aspx (September 2010 report) and The Honorable Joe Lee, CONSUMER BANKRUPTCY HANDBOOK WITH FORMS Chapter 3 § 3.3 n.34 (BKRPRACLIB Database updated March 2013). This Rule creates a procedure that requires the creditor to respond to a notice by the trustee with a statement that the plan was either completed satisfactory, or there are disagreements to be resolved by the court on request of the debtor or trustee.

The matters before me are just such a case.

After Debtor, Donna M. Kreidler, completed making payments under the five year plan, the Trustee served the lien creditor Notice under Rule 3002.1(f) that the mortgage arrearages provided for in the plan were fully paid, and the Debtor was to pay postpetition mortgage payments directly to the creditor (as opposed to being paid by conduit payments through the plan). The certification was unclear as to whether this Notice was served on the mortgagee electronically or by first class mail.

Rule 3002.1(g) requires that the holder of the claim file a response within 21 days after service.

Assuming the Notice was sent on the date of the certificate, February 16, 2012, the response should have been filed by March 8, 2012, if served electronically and March 12, 2012,

if mailed. Federal Rules of Bankruptcy Procedure 9006(a) and (f). In fact, a response was filed on the claims docket on April 12, 2012, 56 days after the Notice was filed. That same day, it was electronically delivered to the Trustee and Debtor's counsel and mailed to the Debtor. The Debtor and/or Trustee has 21 days after service to move the Court for a determination of the status of the mortgage. Federal Rule of Bankruptcy Procedure 3002.1(h). The Debtor filed such a Motion on May 3, 2012.

Since the holder of the claim concedes that the pre-petition mortgage arrearage is fully paid, the factual issue is whether the Debtor owes $7,938.83 in postpetition arrears as set forth on the claim supplement. The Debtor's response argues that the postpetition arrears, if any, should be deemed cured because the holder of the claim filed a late response under Rule 3002.1, or, should there be an arrearage, it was overstated in the claimants supplement.

A hearing on the Motion was duly scheduled and noticed. The Debtor appeared, and the holder of the claim did not. The Debtor now wants a declaration from this Court that the holder of the claim is owed no pre- or postpetition obligations on the mortgage and that Debtor's attorney's fees should be assessed against the holder of the claim.

The filing of the supplement to the claim required by Rule 3002.1(g) does not enjoy the same prima facie presumption set forth in Rule 3001(f) as does the claim itself. Rule 3002.1(g). In order to prevail on its claim for postpetition defaults, the holder was required to appear and establish that fact. Having failed to attend the hearing, the holder has not met its burden to establish the existence of the alleged postpetition default.

The Debtor further asks that I sanction the holder of the claim by assessing the Debtor's attorney's fees against the claimant, specifically because the holder did not timely respond to the Trustee's Notice.

Rule 3002.1(i) reads, as follows:

> (i) *Failure to Notify*. If the holder of a claim fails to provide any information as required by subdivision (b), (c), or (g) of this rule, the court may, after notice and hearing, take either or both of the following actions:
>> (1) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
>> (2) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

Federal Rule of Bankruptcy Procedure 3002.1.

I have not been made aware that subdivision (b) or (c) is applicable to this proceeding for such an accusation has not been made by either the Trustee or the Debtor.[1] Subdivision (g) however is applicable.[2] While the holder of the claim did file a response to the Trustee's Notice, it was considerably late. The timing of the response does not, however, seem to have an impact on the Debtor's Motion since the Motion is timely if filed "within 21 days after service of the statement." Rule 3002.1(h). Of course, I am sure it was somewhat of a surprise that the holder of the claim did not appear at the hearing and advance its claim for postpetition arrearage. The Debtor was ready to confront such allegations. Had the holder appeared, presumably, the Debtor would have asked that the holder be precluded from supporting its allegations since the holder's supplement was untimely pursuant to Rule 3002.1(i)(1). If the delay was harmless or justified by

---

[1] (b) *Notice of Payment Changes*. The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice of any change in the payment amount, including any change that results from an interest rate or escrow account adjustment, no later than 21 days before a payment in the new amount is due.

(c) *Notice of Fees, Expenses, and Charges*. The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

[2] (g) *Response to Notice of Final Cure Payment*. Within 21 days after service of the notice under subdivision (f) of this rule, the holder shall file and serve on the debtor, debtor's counsel, and the trustee a statement indicating (1) whether it agrees that the debtor has paid in full the amount required to cure the default on the claim, and (2) whether the debtor is otherwise current on all payments consistent with § 1322(b)(5) of the Code. The statement shall itemize the required cure or postpetition amounts, if any, that the holder contends remain unpaid as of the date of the statement. The statement shall be filed as a supplement to the holder's proof of claim and is not subject to Rule 3001(f).

the circumstances, I would have overlooked the delay as required by that same Rule. In the holder's absence, the need for such ruling was mooted. The fact remains that those efforts by the Debtor could have been minimized if she had known the holder of the claim would not pursue any alleged arrearage.

The question becomes, "Can I sanction the holder of the claim for filing a tardy supplement to the claim?"

The limitations set forth in Rule 3002.1(i) suggest I cannot since the holder of the claim, in fact, responded to the Trustee's Notice, albeit late, and its tardiness did not impact the Debtor since her Motion would have been necessary regardless, and she suffered no prejudice.

For these reasons, the request for attorney's fees is denied.

I now turn my attention to the unrelated case of Ronald and Joan Kozak, case number 5-07-52207. The pending issue in that case arises from a very similar fact pattern wherein the confirmed plan provided for a mortgage cure with postpetition payments to be made directly by the Debtors. A Notice of payment completion was filed by the Trustee. The holder of the claim, HSBC Mortgage Services, Inc., *timely* responded that the pre-petition arrears were satisfied by the Trustee's payments but that the Debtor owed a delinquency on the postpetition obligations. On Motion of the Debtor, a hearing was scheduled at which time the holder of the claim did not appear. Unlike the Kreidler case, in its brief, HSBC argues that Rule 3002.1 does not apply because the postpetition delinquency was not "provided for" in the plan as required in Rule 3002.1(a). (Doc. #77.) It asserts that only the pre-petition arrearage was provided for and not the payments made directly from the Debtor to the holder of the claim. HSBC would somehow like me to conclude that the claim of HSBC can be parsed into subsections, some of which are provided for and others not. In discussing the term "provided for," our Supreme Court referenced Bankruptcy Code § 1328 by stating that "§ 1328(a) unmistakably contemplates that a

plan 'provides for' a claim when the plan cures a default *and* allows for the maintenance of regular payments on that claim, as authorized by § 1322(b)(5)." *Rake v. Wade.* 508 U.S. 464, 474-475, 113 S.Ct. 2187, 2193 (1993). *Emphasis mine*. The Kozak plan does all that, and therefore, the HSBC mortgage was provided for. Nevertheless, without explanation, HSBC failed to appear at the hearing on the Debtors' Motion. Since HSBC had the burden to establish its postpetition arrearage, I conclude that, in not pursuing this burden, a postpetition arrearage either did not exist or the holder of the claim has waived the opportunity to advance the claim. Accordingly, I conclude that pre- and postpetition arrearages are satisfied as of the date of the mortgagee's last statement supplementing its proof of claim.

In Kozak, too, Debtors are asking that I award attorney's fees under Rule 3002.1. Again, I conclude that the filing of a response by HSBC, pursuant to Rule 3002.1(g), precludes any award of expenses and fees.

I will, however, issue an Order that the Debtors shall be considered current with the mortgage as of the date of the mortgagee's statement.

My Orders will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: March 29, 2013

[K:\Cathy\Opinions-Order filed 2013\5-06-bk-50864-JJT_Kreidler_5-07-bk-52207-JJT_Kozak.pdf]    6

Case 5:07-bk-52207-JJT    Doc 87    Filed 03/29/13    Entered 03/29/13 14:22:45    Desc
Main Document    Page 6 of 6